IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN LUEDTKE                                                                        PLAINTIFF

V.                          No. 5:24-cv-05188-TLB

NORTHWEST ARKANSAS COMMUNITY COLLEGE         DEFENDANT

**COMPLAINT**

Plaintiff states for his Complaint:

**I.**      **Nature of Action.**

1. This action is brought for legal and equitable relief from a violation of the Family Medical Leave Act, 29 U.S.C. 2601, *et. seq.*, for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e and the Arkansas Civil Rights Act, Ark. Code Ann. 16-123-101, *et. seq.*, and for age discrimination in violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* ("ADEA").

**II.**     **Parties, Jurisdiction, And Venue.**

2. Plaintiff is a resident of Washington County, Arkansas. He is male and was born in 1957.

3. Defendant is a public community college located in Benton County, Arkansas, was Plaintiff's employer at all times relevant to the events related in this Complaint, and employed more than 500 people within a 75-mile radius of its business.

4. This Court has jurisdiction over the parties to and the issues of this action.

5. Venue for this action is properly laid in this Court.

### III. General Allegations.

6. From 1996 through 2023, Plaintiff served Defendant in a multitude of capacities.

7. During his tenure with Defendant, Plaintiff successfully performed all of the duties assigned to him and received favorable job reviews.

8. Plaintiff was given the responsibility to initiate and direct the health and wellness program at Defendant, the physical education program, various club sports, the development and supervision of the fitness center, and – in 2020 – the initiation and management of the first intercollegiate athletic programs at Defendant.

9. Plaintiff was well-qualified to initiate these programs having worked for 45 years as a coach and scout for major sports leagues, the National Collegiate Athletic Association, the National Junior College Athletic Association ("NJCAA"), and high-schools. Plaintiff had personally coached hundreds of athletes and was referred to by most people who knew him as "Coach."

10. The intercollegiate athletic programs were approved by Dr. Evelyn Jorgensen, Defendant's then President, as well by the Defendant's Board of Trustees as "demonstration sports."

11. Approval for the demonstration sports was conditioned upon them being self-supporting and financially sustainable.

12. Plaintiff was given the sole responsibility for raising the $50,000 annual budget for the demonstration sports from the local community to make these programs a reality.

13. Plaintiff successfully raised this money largely because of the many contacts he developed over his 34 years of living and working in northwest Arkansas in various coaching

capacities including serving as an assistant baseball coach at the University of Arkansas under Coach Norm DeBriyn.

14. Plaintiff worked with the NJCAA to certify Defendant's programs for competition and membership in that Association.

15. Plaintiff secured the services of outstanding and highly respected head coaches for the programs even though Defendant could not adequately fund their positions.

16. Plaintiff recruited students to participate in the sports programs.

17. Within a year after having received approval for the demonstration sports, Defendant was able to field men's and women's cross-county teams soon followed by an e-sports ("electronic sports") team.

18. Defendant hired a new President, Dr. Dennis Rittle, in July 2022.

19. Rittle, with the approval of Defendant's Board of Trustee, began searching for a full-time athletic director.

20. At Rittle's direction, Dr. Diana Johnson, Defendant's Vice President for Learning told both Plaintiff and Dr. Justin White, Defendant's Vice President for Student Affairs, that Plaintiff would no longer be allowed to be officially involved with or even to be personally associated with Defendant's athletic programs because of the search for a full-time athletic director.

21. Plaintiff applied for the full-time athletic director position and was given one 25-minute interview by Zoom on or about 19 May 2023. White told Plaintiff that he would not be given a second interview.

22. Defendant considered three finalists for the full-time athletic director position. Two of the finalists were male. All of the finalists were younger than Plaintiff. However, either none

of the finalists were ultimately interested in the position or Defendant was ultimately not interested in any of the finalists.

23. Plaintiff learned during the interview and hiring process that Rittle wanted to hire a female for the position.

24. On or about 12 June 2023, Plaintiff applied for leave under the Family Medical Leave Act to care for his mother. Plaintiff had worked for Defendant for more than 1,250 hours during the preceding 12-month period and had not taken any leave under the Family Medical Leave Act.

25. Plaintiff was told on or about 26 June 2023 that Defendant was re-opening its search for a full-time athletic director.

26. On or about 27 June 2023, Plaintiff sent an e-mail to Rittle and to members of Defendant's Board of Trustees expressing his willingness to serve as the athletic director, his qualifications for the position, and his plans for the position.

27. On or about 28 June 2023, Plaintiff was fired by Johnson and by Lisa Milam, Defendant's Executive Director of Human Resources. The reasons given to him for the termination of his employment were the e-mail he had sent to Rittle and the Board on 27 June 2023, that he had referred to himself as "Coach" in a PowerPoint presentation that was attached to the e-mail, and that he had "going outside of the hiring procedures."

28. Plaintiff was fired without his immediate supervisor's knowledge in contravention of Defendant's written policy.

29. Defendant shortly thereafter announced the hiring of a 33-year old female as its full-time athletic director. This person had no previous collegiate administrative or coaching experience.

### IV. Count I – Interference With Plaintiff's Rights Under The Family Medical Leave Act.

30. At all times relevant to this Complaint, Plaintiff was entitled to the benefits of the Family Medical Leave Act.

31. Defendant terminated Plaintiff's employment because he had applied for leave under the FMLA.

32. Plaintiff has been damaged because of Defendant's willful action.

### V. Count II – Sex Discrimination.

33. Plaintiff's gender was a motivating factor in Defendant's decision to not hire him as its full-time athletic director.

34. Defendant's decision to not hire Plaintiff as its full-time athletic director because of his gender was done willfully or in reckless disregard of Plaintiff's right to employment without regard to his gender.

35. Plaintiff has been damaged because of Defendant's action.

### VI. Count III – Age Discrimination.

36. Plaintiff's age was the deciding factor in Defendant's decision to not hire him as its full-time athletic director.

37. Defendant's decision to not hire Plaintiff as its full-time athletic director because of his age was done willfully or in reckless disregard of Plaintiff's right to employment without regard to his age.

38. Plaintiff has been damaged because of Defendant's action.

## VII. Exhaustion of Administrative Remedies.

39. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination based upon age and sex on 11 December 2023.

40. The Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue on June 17, 2024. A copy of the Notice is attached to and incorporated into this Complaint as Exhibit "A."

## VII. Request for Relief.

41. Plaintiff asks this Court to award him Judgment against Defendant for:

A. Back pay for his claims under Title VII of the Civil Rights Act of 1964, the FMLA, the Age Discrimination in Employment Act, and the Arkansas Civil Rights Act.

B. Damages for emotional distress for his claims under Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act.

C. Liquidated damages for his claim under the Age Discrimination in Employment Act.

D. Reinstatement to his former position or into a comparable position or front pay in lieu of reinstatement.

E. Interest.

F. Attorney's fees and court costs.

G. All other relief to which he proves himself entitled.

42. Plaintiff demands a trial by jury.

JOHN LUEDTKE,
PLAINTIFF

By: *[signature]*
Stephen Lee Wood (81770)
Stephen Lee Wood, P.A.
P. O. Box 1565
110 South 2d Street
Rogers, AR 72757
479-631-0808
479-631-1711 (facsimile)
slwpa@sbcglobal.net

Luedtke – Complaint/slw5/0009L



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/17/2024

**To:** John Luedtke
2833 N Sunny Lane
Fayetteville, AR 72703
Charge No: 493-2024-00645

EEOC Representative and email:   MARGIE MYERS
Investigator
MARGIE.MYERS@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-00645.

On behalf of the Commission,

Digitally Signed By: William A Cash
06/17/2024
William A Cash
Area Office Director

Cc:
Lisa Milam
Northwest Arkansas Community College
1 College Dr
Bentonville, AR 72712

Daniel Ford
Office of Attorney General Tim Griffin
323 Center St. Ste 200
Little Rock, AR 72201

