IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN LEUDTKE                                                                                    PLAINTIFF

V.                                        NO. 5:24-cv-5188-TLB

NORTHWEST ARKANSAS COMMUNITY
COLLEGE                                                                                         DEFENDANT

### JOINT RULE 26(f) REPORT

Plaintiff and Defendant submit the following Joint Rule 26(f) Report:

**1.     Plaintiff's Statement of the Case.**  Plaintiff alleges that Defendant discharged him because of his age and his gender and in violation of his rights under the Family Medical Leave Act.  Plaintiff was a long-time employee who worked in several capacities during his tenure.  More specifically, Plaintiff was charged with the responsibility for developing Defendant's nascent athletic program.  Plaintiff was well-qualified for this responsibility because of his long history of coaching various sports in northwest Arkansas.  Plaintiff was commonly addressed as "Coach."  Defendant hired a new President in July 2022.  The new President began a search for an Athletic Director.  Plaintiff applied for the position but was not among the three finalists chosen for the position.  The President was not satisfied with the finalists and re-opened the search.  Plaintiff sent an e-mail to the President and members of Defendant's Board of Trustees expressing his willingness to serve as Athletic Director.  Plaintiff was fired the next day because he had identified himself as "Coach" on an attachment to his e-mail.  A female many years younger than Plaintiff and who lacked his coaching experience was hired for the position.

Approximately two weeks before he was fired, Plaintiff had requested leave under the Family Medical Leave Act to care for his mother.

2. **Defendant's Statement of the Case**. Defendant denies any allegation of discrimination based on age, gender or status under the Family Medical Leave Act. Instead, Defendant affirmatively states that Plaintiff was given the opportunity to retire in lieu of termination as the culmination of more than year of Plaintiff's failure to follow important processes, procedures, guidelines and instructions in the performance of his job. Plaintiff was not a coach, but instead a Special Instructor, and yet he repeatedly held himself out to the public as a coach, often directly undermining Defendant's organizational structure and processes by conducting business relating to marketing, scholarships, fundraising, and recruiting that he was not authorized to conduct. Plaintiff was counseled and coached on these issues, but they continued throughout the final year of his employment. Eventually, Plaintiff circumvented the hiring process, despite being familiar with it, and reached out to board members of Defendant directly soliciting support as the next Athletic Director, despite being explicitly told he was no longer in the running for the position.

This was a culmination of Plaintiff's repeated failures to perform his job as required within the processes and procedures clearly outlined for him and resulted in Defendant giving him the option to retire or be terminated. At no point was Defendant's decision motivated by anything other than Plaintiff's own repeated failures in job performance, and they were especially not motivated by Plaintiff's gender, age or FMLA status. Similarly, Defendant's hiring of its Athletic Director was not motivated by any applicants gender or age, but instead by the needs of the position and the applicant who best fit those needs.

3. **Are there any Objections pursuant to Rule 26(a)(1)(c) to providing required Initial Disclosures?** No.

4.     **Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**  The parties request that the date for Rule 26(a) Initial Disclosures be moved to December 5, 2024.

5.     **Agreed Document Productions.**

**5(a). Documents to be provided by Plaintiff within 30 days after the Case Management Hearing.**

(1) All non-privileged communications concerning the factual allegations or claims at issue in this lawsuit in Plaintiff's possession.

(2) Claims, lawsuits, administrative charges, and complaints by the Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

(3) Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

(4) Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

(5) Diary, journal, and calendar entries maintained by the Plaintiff concerning the factual allegations or claims at issue in this lawsuit.

(6) The Plaintiff's current resume(s).

(7) Documents in the possession of the Plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

(8) Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment. The Defendant shall not contact or subpoena a prospective or current employer to discover information about the Plaintiff's claims without first providing the Plaintiff

30 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

(9) Documents concerning the termination of any subsequent employment.(10) Any other document(s) upon which the Plaintiff relies to support the Plaintiff's claims.

**5(b).  Documents to be provided by Defendant within 30 days after the Case Management Hearing.**

(1) All communications concerning the factual allegations or claims at issue in this lawsuit among or between:

    i.    The Plaintiff and the Defendant;

    ii.    The Plaintiff's manager(s), and/or supervisor(s), and/or the Defendant's human resources representative(s).

(2) Responses to claims, lawsuits, administrative charges, and complaints by the Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

(3) Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

(4) The Plaintiff's personnel file, in any form, maintained by the Defendant, including files concerning the Plaintiff maintained by the Plaintiff's supervisor(s), manager(s), or the Defendant's human resources representative(s), irrespective of the relevant time period.

(5) The Plaintiff's performance evaluations and formal discipline.

(6) Documents relied upon to make the employment decision(s) at issue in this

Lawsuit, to the extent they exist.

(7) Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action, including but not limited to:

    i. Discipline;

    ii. Termination of employment;

    iii. Promotion;

    iv. Discrimination;

    v. Performance reviews or evaluations;

    vi. Misconduct;

    vii. Retaliation; and

    viii. Nature of the employment relationship.

(8) The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action, to the extent it exists.

(9) Job description(s) for the position(s) that the Plaintiff held, to the extent it exists.

(10) Documents showing the Plaintiff's compensation and benefits, including but not limited to retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

(11) Agreements between the Plaintiff and the Defendant to waive jury trial rights or to arbitrate disputes, should any exist.

(12) Documents concerning investigation(s) of any complaint(s) about the Plaintiff or made by the Plaintiff, if relevant to the Plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

(13) Documents in the possession of the Defendant and/or the Defendant's agent(s)

concerning claims for unemployment benefits unless production is prohibited by applicable law, should any exist.

(14) Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**5(c).** All documents shall be Bates stamped in a manner that identifies the producing party and shall be consecutively numbered.

**5(d).** A log shall be created for all documents withheld from production which describes the documents, assigns the Bates-stamp numbers to the withhold documents, and identifies the particular privilege asserted.

6. **Discovery.**

**6(a). How many months are reasonably necessary to complete discovery— as measured from the date of the Case Management Hearing?**

Six months.

**6(b). Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.**

No.

**6(c). Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed**.

No.

      **6(d).** Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.

Fairly simple and routine.

      **6(e).** Do you anticipate the use of Expert Witnesses at trial? If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).

No.

      **6(f).** Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?

Not at this time, but Defendant reserves the right to seek a protective order if, during its investigation and document production efforts, documents of a confidential nature require production.

      **7.** State the parties' best estimate as to the number of days reasonably necessary to fully try the case.

Three.

      **8.** State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.

Yes.

      **9.** Settlement Prospects.

The parties have discussed the possibility of settlement and will continue to do so through the early stages of the discovery process. Should the Parties feel that magistrate mediation would be helpful to these efforts, they will promptly request a settlement conference through the Court.

10. **Special Issues and Schedules.**

\_\_\_ **Federal Jurisdiction is Disputed**.

\_\_\_ **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.**

\_\_\_ **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).**

\_\_\_ **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s)**.

\_\_\_ **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.**

Yes **Complaint seeks recovery for personal injuries and/or wage loss.**

11. **Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

Yes.

        **JOHN LEUDTKE,**
        **PLAINTIFF**

        By: /s/ Stephen Wood
        Stephen Lee Wood (81170)
        Stephen Lee Wood, P.A.
        110 South 2d Street
        Rogers, AR 72756
        479-631-0808
        479-631-1711 (facsimile)

slwpa@sbcglobal.net

**NORTHWEST ARKANSAS COMMUNITY COLLEGE, DEFENDANT**

By: /s/ Daniel Ford

Daniel Ford (2014162)
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
501-682-1314
501-682-2591(facsimile)
daniel.ford@arkansasag.gov

-9-