**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JOHN LUEDTKE**                                                                                           **PLAINTIFF**

V.                                              **CASE NO. 5:24-CV-5188**

**NORTHWEST ARKANSAS**
**COMMUNITY COLLEGE**                                                                      **DEFENDANT**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 25) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, submitted on January 30, 2026, concerning the Motion for Summary Judgment (Doc. 15) filed by Defendant Northwest Arkansas Community College ("NWACC"). Plaintiff John Luedtke, a sixty-six-year-old man, sued his former employer NWACC for retaliation under the Family and Medical Leave Act ("FMLA"), sex discrimination under Title VII of the Civil Rights Act and the Arkansas Civil Rights Act, and age discrimination under the Age Discrimination in Employment Act ("ADEA"). The Magistrate Judge recommends dismissing the case on summary judgment.

On February 11, 2026, Mr. Luedtke filed Objections to the R&R (Doc. 26), which triggered this Court's *de novo* review of the record. *See* 28 U.S.C. § 636(b)(1). Mr. Luedtke only objects to the dismissal of his Title VII and ADEA claims. For purposes of summary judgment, the R&R assumed that Mr. Luedtke satisfied his prima facie burden as to both claims but determined that NWACC had set forth legitimate, non-discriminatory reasons for firing Mr. Luedtke, and he, in turn, had failed to point to evidence that such reasons were pretextual and the real reason for firing him was his age, his sex, or both.

1

Mr. Luedtke's Objections focus on defending or explaining his on-the-job behavior. He contends he did nothing to warrant termination and characterizes the decisionmakers at NWACC as overly sensitive or predisposed to find fault—which is unfair, given his long tenure at NWACC. However, courts do not "sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers," *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977 (8th Cir. 2012) (citation omitted). The question is not whether Mr. Luedtke deserved to be fired but whether NWACC's reasons for terminating him "had no basis in fact." *Huber v. Westar Foods, Inc.*, 139 F.4th 615, 628 (8th Cir. 2025) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011)).

Mr. Luedtke fails to explain why NWACC's termination decision had no basis in fact. For example, one reason why NWACC fired Mr. Luedtke was supposedly because he over-promised scholarship funds to prospective students, which then required upper management to approve institutional tuition waivers to cover the deficit. Mr. Luedtke does not dispute that NWACC actually approved tuition waivers to cover the deficit, *see* Doc. 15-1, pp. 47–48 (Luedtke Dep.); instead, he attempts to justify his beliefs at the time, explaining that NWACC's accounting software was unreliable and "had some glitches" and that his department "usually had a surplus of money," *id.* at p. 48. In another example, NWACC accused Mr. Luedtke of using an unofficial school logo (which his nephew had created for him) for official school business. Once again, Mr. Luedtke does not dispute that he actually used the unapproved logo, *see id.* at p. 31; instead, he explains that he only used it as a "sample" or "demonstration" because the school was taking too long to officially approve it, *id.* at p. 32.

2

Since Mr. Luedtke cannot demonstrate that NWACC's termination decision lacks any basis in fact, he is left with the task of showing a reasonable jury could conclude "that a prohibited reason more likely motivated the employer" to fire him. *Brown v. Diversified Distrib. Sys., LLC*, 801 F.3d 901, 909 (8th Cir. 2015). His only affirmative evidence of sex or age discrimination is that NWACC ultimately hired a thirty-two-year-old woman as athletic director—a job Mr. Luedtke wanted for himself. The problem with this argument, however, is that Mr. Luedtke never competed against this woman for the job. NWACC advertised for the athletic director position while Mr. Luedtke was still employed, and though he applied, he never made it past the initial interview. On June 26, 2023, NWACC offered the position to a fifty-eight-year-old man. Though in the end this man declined the offer, Mr. Luedtke cannot possibly suggest that discriminatory motives were at play in the selection process—since NWACC's first choice was similarly situated to Mr. Luedtke in terms of both age and sex. *After the male candidate declined the position*, Mr. Luedtke was fired for multiple non-discriminatory reasons. *And after that*, NWACC reopened the job search and, about a month later, selected the thirty-two-year-old woman. No jury could reasonably infer that Mr. Luedtke was the victim of intentional discrimination on these facts.

**IT IS THEREFORE ORDERED** that the Objections to the R&R are **OVERRULED** and the R&R (Doc. 25) is **ADOPTED IN FULL**. NWACC's Motion for Summary Judgment (Doc. 15) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**. A separate judgment will follow.

**IT IS SO ORDERED** on this 18th day of February, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE